The case was tried at Yancey, on the last fall circuit, before his Honor,Judge Settle, when the daughter was introduced as a witness for the plaintiff and testified that her father's house was her home; that her bed and furniture and all her other property, except some clothing, remained there; that she, with her father's consent, went to live in the house of the defendant's father, who was a relation, as a hireling, and remained there three or four years, performing such services as (39) were required; that she was about thirty years old when she went to live with defendant's father, and that occasionally during the period of her residence there she returned to her father's house and performed the ordinary duties in his family of washing, cooking, and milking; that she was seduced by the defendant while she was on her way home to her father's house; that on that occasion she remained with her father's family eight or ten days, when she returned to the house of the defendant's father, where she continued to live until within four or five months of the birth of her child, when she was carried home by her father, with whom she had since remained. She further testified that she had not been at her father's house for seven or eight months previous to her seduction. Upon this testimony the defendant's counsel moved that the plaintiff should be nonsuited, but his Honor refused the motion and instructed the jury that if they believed the testimony of the daughter they must find a verdict for the plaintiff, which they did, and the defendant appealed.
If the relation of master and servant does not subsist, actually or constructively, at the time, the father cannot maintain either an action of trespass or an action on the case for the seduction or the debauchery of his daughter. The rule is settled that if the daughter be of age she must be in her father's service, so as to constitute in law and in fact the relation of master and servant, in order to entitle her father *Page 32 
to a suit for seducing her. Nickleson v. Stryker, 10 John. Rep., 116;Postlethwaite v. Parks, 3 Bur. Rep., 1878. These were actions of trespass, but the rule is the same if the action be case. In Satterthwaite v.Dewhurst, 26 Eng. Com. Law Rep., 378, Lord Mansfield, in delivering the opinion of the Court, said: "This is an action on the case for debauching the plaintiff's daughter, by means of which the daughter was unable to maintain herself, and the plaintiff was obliged to maintain her." After looking into the case we find there is no precedent of such an (40) action, unless upon a quod servitium amisit. The case of Russell v. Corne, 2 Lord Rayne. Rep., 1031 — Salk. 119, is in point. This is an action brought by a third person for the incontinence of two people, both of whom may possibly be of age; at least it does not appear that they are otherwise. We are of opinion that this action cannot be maintained. The case in 5 Cowen's Rep., 106, relied on by the plaintiff's counsel, whether it be law or not, is not apposite. It only goes the length of declaring that if the daughter be under age at the time of seduction she will be presumed to be under the control and protection of her father, so as to entitle him to the action to recover the expenses attending her confinement and the loss of her services, whether she actually resided with him or not at the time of the seduction. In the case now before us the daughter was of full age and did not live with her father at the date of the debauchery. At that time there was no legal obligation on the father to maintain and take care of her, either in sickness or in health. In no way was the relation of master and servant shown to subsist between them. Therefore the charge of the judge to the jury that if they believed the testimony of the daughter the plaintiff was entitled to recover we think was erroneous, and there must be a new trial.
PER CURIAM. Judgment reversed.
Cited: McDaniel v. Edwards, 29 N.C. 410.
(41)