Actions of this kind have been frequent in modern times, and we have looked into most of the reported cases; but we have been unable to find one that bears out the latter branch of the rule laid down to the jury in this case. Since Postlewait v. Parks, Bur., 187, it has been perfectly understood that the gist of the action is the relation of master and servant and the loss of service. Therefore, though very slight service is sufficient to establish that relation, de facto, between father and daughter, yet it is indispensable to show some service in order to have that effect. Where the daughter is living with the father, whether within age or of full age, she is deemed to be his servant, for the purposes of this action; in the former case absolutely, and in the latter, if she render the smallest assistance in the family, as pouring out tea, milking, or the like. So, also, if the daughter be within age, the action may be maintained by the father, to whom she returned to lie in, *Page 285 
although she was on a visit to or living with another person at (410) the time of the seduction, Harper v. Luffkin, 7 B. C., 387, unless the daughter had not the animus revertendi, in which case she could not by any fiction be considered in the father's service. Deen v.Peel, 5 East., 45. The reason why the father may have the action for seducing his infant daughter, though not living in his family, is that she is, both legally and actually, sub potestate patris. But that shows that the action will not lie when the daughter is of full age, and not living in the father's family, but in the actual employment of another person. There is no case that gives any color for the supposition that it would lie under those circumstances, except that of Johnson v. McAdams, stated in the argument of counsel in Deen v. Peel. But that was the decision of a single judge at nisi prius, and the daughter went from her father's on a short visit, merely, to a lady, and not on a contract of hiring, and, moreover, was under age when she went away, though she attained full age before the seduction. Even in that case Mr. JusticeWilson hesitated very much, saying, at first, that "where the daughter was of full age and no part of the father's family, he thought the actionnot maintainable." It is true, he afterwards told the jury that the consent of the father to the daughter's visit was to be inferred from the circumstances, and, therefore, that she might be considered as a part of the family. But the case was never carried before the Court in Bank, and, when cited by counsel, did not receive any expression of approbation. If, however, that case was right, it has no application to the present, as here the daughter was living with another person, and was his actual servant upon a contract of hiring, which comes within the rule laid down by Judge Wilson himself, above quoted. That rule was adopted by this Court in Phipps v. Garland, 20 N.C. 38. There it was expressly stated that the daughter, who was of full age, went to live with Garland, with her father's consent, and her animus (411)revertendi was clear, as she left her property at her father's, and she frequently returned there on visits, and on such occasions washed and cooked; yet it was held that she could not constructively be considered the father's servant, and, therefore, that the action did not lie. The reason why the action does not lie in that case is that the father has no legal right to the service of the daughter, nor authority over her, and she is not, de facto, a servant in his employment, but stands in that relation to another. Therefore, the circumstance that the father and this defendant made the bargain for the daughter's service and wages can make no difference; for although that might be the form the transaction assumed, yet, in law, the contract was that of the daughter, as she was sui juris. We do not say how it might be if there had been an actual contract between the father and daughter for her service to him for a *Page 286 
definite period, and, within the term, the father, by her consent, hired her to the defendant and he seduced her. But if the father could have the action in that case, it would be by force of the express contract between him and the daughter for her time and labor; and that could not authorize this action, where there was no such contract and no ground for implying it. The defendant did not become entitled to the services of this young woman in virtue of any contract of the father; for she was sui juris, although he may be called her master while she remains in his family, and he cannot, upon mere implication, be allowed the authority, as master, to hire her out, so as to make it obligatory upon her, and thereby continue the relation of master and servant between them. In law, the contract on which she served the defendant was her own and the wages were hers. The fiction of service has been carried far enough in actions of this kind without pushing it to this extreme length, which, if admitted, would break down the rule itself, that (412) the action is founded on loss of service; for, next, it would be said if the parent aided in the support of the daughter, as by giving her a garment or nursing her in sickness, that she might be considered as continuing to be his servant, though of age and living in service abroad, and thus it would come at last that the action was that of a father and not a master, and present the extraordinary instance mentioned by LordMansfield in Satterthwaite v. Dewhurst, 5 East., 46, note, of an action by a person on account merely of incontinence between two others, both of whom are of full age.
PER CURIAM. Venire de novo.
Cited: Kinney v. Laughenour, 89 N.C. 368; Snider v. Newell, 132 N.C. 620.